# Richmond.

## CITY OF HAMPTON V. NEWPORT NEWS AND HAMPTON RAILWAY, GAS AND ELECTRIC COMPANY.

### No. 2246.

### January 14, 1926.

STREET RAILROADS—*Corporation Commission—Relief Against Paving Contract with Municipalities—Moot Question.*—A contract between a city and a street railroad company, under which the street railroad company is to bear part of the expenses of paving or repaving the street, is outside of the public duties of the street railroad company, and the Corporation Commission has no jurisdiction to relieve the company from the obligations of its contract.    Following *City of Portsmouth* v. *Virginia Railway & Power Co.*, 141 Va. 54.    However, in the instant case, after the action of the Commission granting the company permission to abandon its car track in the street in question, the question at issue, except for the matter of costs, became a moot question, providing the company ceased to use the street and abandoned it as soon as practicable.

Appeal from an order from the State Corporation Commission.

*Reversed.*

The opinion states the case.

*John H. Bowen*, for the appellant.

*John Weymouth*, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

The appellee, a public service corporation operating a street railway in the city of Hampton, by virture of a franchise granted it and its predecessor by the city,

filed its petition with the State Corporation Commission, praying that it be relieved of the duty of paving between the rails of its tracks and two feet on each side thereof, on Locust street, between Fulton street and Mallory avenue, on which streets its tracks are laid as required by the terms of an ordinance passed by the city on the 11th day of April, 1907.

The city denied the power of the Commission to afford the relief sought by the company, and prayed that its petition be dismissed. In denying the motion to dismiss the petition, the Commission, in its order granting the relief prayed for by the company, said:

"On consideration whereof, the Commission is of opinion that a franchise or contract imposing paving obligations upon a transportation company involves a matter within the scope of the performance of its public duties, and that the questions arising thereupon are within the scope of the police power of the State, and that the Constitution and statutes of the State confer jurisdiction upon the State Corporation Commission to supervise, regulate and control transportation and transmission companies in the performance of their public duties, and that, therefore, the special plea to the jurisdiction and motion to dismiss the petition for want of jurisdiction shall be overruled and dismissed, and that the Commission should take jurisdiction and determine upon the merits the questions presented in the petition and answer."

It will be observed that the Commission proceeds upon the idea "that a franchise or contract imposing paving obligations upon a transportation company involves a matter within the scope of the performance of its *public duties*," and therefore confers jurisdiction upon the Commission pursuant to the provisions of section 156-b of the Constitution, which provides in part

that "the Commission shall have the power, and be charged with the duty, of supervising, regulating and controlling all transportation and transmission companies doing business in this State, in all matters relating to their public duties.    *    *    *."

In construing this section of the Constitution, as well as the statutes of the State dealing with the question of jurisdiction, and in passing upon the identical question here presented, Judge Prentis, in *Portsmouth v. Va. Ry. & P. Co.*, No. 1244, 141 Va. 60, 126 S. E. 363, 39 A. L. R. 1510, said:

"A careful scrutiny of this language, and of all of the statutes of the State conferring jurisdiction upon the Commission, shows conclusively that the powers of the Commission relate only and always to the performance of the public duties of such public service corporations. They do not relate to the public duties of municipalities. The jurisdiction is not conferred by the mere fact that the subject may be of interest to the public. Only the obligations and duties imposed by law upon these public utility corporations are subjected to the supervision and control of the Commission. In the words of the section quoted, which confers the power upon the Commission, it is 'to that end,' namely, to require the performance *of their* public duties, that the Commission is authorized from time to time to prescribe and enforce against such companies rules, regulations, rates, the maintenance of such public service, facilities and conveniences as may be reasonable and just. That idea—the requirement of adequate service due by such companies to the public—is the inspiration and only justification of all of such laws. As has been heretofore said, the Commission has no inherent power, but all of its powers are derivative and must be based either on the Constitution, or upon

statutes passed pursuant thereto.   Of course this is not to say that these provisions should receive such a narrow construction as would lead to the defeat of their main purpose.   The construction, on the contrary, should be liberal, and every power expressly granted or fairly implied from the language used, or which is necessary to enable the Commission to exercise the powers expressly granted, should and must be accorded.

"With this fair construction in mind, we find it impossible to follow the Commission in its conclusion that this duty of paving is a public duty of the company, and hence subject to the supervision and control of the Commission.   The company could run its cars and perform every public duty imposed upon it without any reference to the paving of the street; in fact, it is a matter of common knowledge that such railways outside of the minicipalities do operate upon the unpaved highways.   The paving then is not a facility of the company—that is, it is not an instrumentality which is convenient or required by the company in order to perform its duties.   It is not a service to its passengers, who have no interest, as travelers, in the smoothness of the street itself, but only in the rails upon which the cars run.

"The precise question (as to street paving obligations), while new in this jurisdiction, has been elsewhere considered, and as we understand the authorities the views which we have already indicated prevail."

See authorities cited.

From this last pronouncement of the appellate court it follows that the order entered by the State Corporation Commission is erroneous.   However, in the companion case of *Hampton* v. *Newport News and Hampton Ry., Gas, &c., Co.,* 131 S. E. 328, decided to-day, it was held that the action of the Commission granting the

·company permission to abandon its car track on Locust :street should be affirmed.

Therefore, the question in issue, except for the matter ·of costs, is a moot question, provided the company ceases to use Locust street for street car purposes and abandons the same as soon as practicable.

The order entered by the State Corporation Commission will be reversed and annulled, and judgment ·entered in favor of the appellant for its costs incurred .both before the Commission and in this court.

*Reversed.*